OPINION
{¶ 1} Defendant-appellant Patrick Vaughn appeals from his conviction and sentence for Attempted Murder. He contends that the trial court erred by ordering restitution in an indefinite amount. The State confesses error in this regard, and we agree. Accordingly, the restitution order in this case is reversed, and this cause is remanded for further proceedings.
 I
{¶ 2} Vaughn was charged with Attempted Murder. He pled no contest. His no-contest plea was accepted, and he was found guilty. The trial court imposed a sentence of ten years incarceration, four years of which were to be served concurrently with a sentence pending in South Carolina, and six years of which were to be served consecutively with that sentence. Court costs were also imposed. Finally, the judgment entry provided that: ". . . the Defendant is ordered to pay attorney fees, attorney expenses and restitution to the victim in amounts to be later determined."
{¶ 3} From his conviction and sentence, Vaughn has appealed. His appellate counsel filed a brief with two assignments of error, but indicated that the first assignment of error, pertaining to the sentence of incarceration, had no merit. Vaughn's appellate brief bore the legend, "(Anders Brief)," on the title page.
{¶ 4} By entry dated July 11, 2002, we construed Vaughn's brief to be a "hybrid" brief, in which counsel has raised one assignment of error that counsel concludes is wholly frivolous, and a second assignment of error that counsel argues to be meritorious, requiring reversal of the judgment and remand. We found this to be improper, and by our entry of July 11, 2002, we struck the first assignment of error. Consequently, this appeal is now before us on the one remaining assignment of error.
 II
{¶ 5} Vaughn's sole assignment of error is as follows:
{¶ 6} "WHETHER THE COURT'S DECISION TO IMPOSE RESTITUTION WITHOUT SETTING THE AMOUNT OF RESTITUTION AS REQUIRED BY OHIO REVISED CODE SECTION 2929.18(A)(1) WAS REVERSIBLE ERROR."
{¶ 7} Vaughn concedes that R.C. 2929.18 permits a trial court to impose an amount of restitution that the offender is ordered to pay to the victim, but contends that, pursuant to division (A)(1) of that statute, the trial court must determine the amount of restitution at the sentencing hearing. Vaughn cites State v. Clark (June 19, 1998), Greene App. No. 97-CA-26, as authority for the proposition that the failure to determine the amount of restitution at the sentencing hearing is plain error requiring remand.
{¶ 8} The State, in its answer brief, confesses error in this regard. We agree.
{¶ 9} Vaughn's sole assignment of error is sustained.
 III
{¶ 10} Vaughn's sole assignment of error having been sustained, the trial court's order of restitution is reversed, and this cause is remanded for further proceedings consistent with this opinion.
BROGAN and GRADY, JJ., concur.